# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INVEST VEGAS, LLC, | Case No. 2:15-CV-644 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| 21ST MORTGAGE CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant 21st Mortgage Corporation's ("21st") motion for clarification or, alternatively, relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and (4).[1]  (ECF No. 14).  Specifically, 21st asks this court to:

> [C]larify that its original ruling [regarding referral to a bankruptcy court] did not have a preclusive effect on the underlying title claims [regarding the real estate at 230 E. Flamingo Rd., #301, Las Vegas, Nevada 89169] under Rule 60(b)(6), or, in the alternative, apply Rule 60(b)(4) to set the record straight by setting aside its finding that the HOA lien sale wiped out the first deed of trust so that this case may be decided on the merits, not a misinterpretation of this Court's Order Denying Remand.

(ECF No. 14 at 2).  Plaintiff Invest Vegas, LLC, filed a response (ECF No. 18), and 21st filed a reply (ECF No. 19).

On April 10, 2015, 21st removed the instant case, involving title to a contested parcel of real estate in Las Vegas, from Nevada state court to this court.  (ECF No. 1).

---

[1] 21st argues that, under Federal Rule of Civil Procedure 60(b)(4), this court should set aside its own order because of purported adjudicative errors committed by the New York bankruptcy court. (ECF No. 14).  The court will not consider this argument.  Indeed, the court is unaware of any restructuring of the federal judiciary whereby the District of Nevada may review appeals from the United States Bankruptcy Court for the Southern District of New York.  *See also Valley Nat. Bank of Arizona v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir. 1997) (discussing the "last in time" rule and the proper remedy when a second court purportedly errs).

**James C. Mahan**
**U.S. District Judge**

On October 9, 2015, this court recognized the existence of bankruptcy issues in this case and subsequently referred it to the United States Bankruptcy Court for the District of Nevada. (ECF No. 13). Relevantly, this court noted in the corresponding order that "by enforcing a senior lien against another piece of property, the HOA extinguished and rendered valueless the debtor's previously valuable property—a more junior lien on the subject property." (*Id.* at 9).

21st asserts that it then requested the Nevada bankruptcy court to transfer the case to the United States Bankruptcy Court for the Southern District of New York, which was granted by the former court. (ECF No. 14). 21st posits the New York bankruptcy court held, *inter alia*, that 21st's interest in the property was extinguished as a result of a nonjudicial foreclosure sale. (*Id.*).

21st asserts that the New York bankruptcy court depended on this court's language regarding a real-estate lien to hold that 21st had lost its interest in the underlying property. (*Id.*). 21st filed a motion to reconsider in that court, which appears to have held that, if done in a timely manner, 21st could seek relief in this court pursuant to Federal Rule of Civil Procedure 60. (*Id.*). Therefore, this court considers as an initial matter the timeliness of 21st's motion.

21st styles its motion as one made under rule 60(b)(6), which "must be made within a reasonable time." Fed. R. Civ. P. 60(c); *see also* (ECF No. 14). However, 21st argues:

> [T]his Court could not have possibly found that the HOA lien sale wiped out 21st Mortgage's interest based on the facts presented in the Complaint and in the Motion for Remand, which is all the court had before it when it issued its order denying remand, because it lacked any evidentiary basis for doing [so].

(ECF No. 14 at 11).

Despite the motion's label as one made under rule 60(b)(6), what 21st actually argues is that this court made a mistake or otherwise inadvertently ruled on the underlying property at issue. *See* (*id.*); *see also Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) ("The Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.").

21st's requested relief is instead permitted under rule 60(b)(1), which must be invoked "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ P. 60(c)(1); *see also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993) ("Rule 60(b)(6) is not a substitute for 60(b)(1).").

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  This court issued the challenged order on October 9, 2015. (ECF No. 13). The instant
2  motion was filed on January 17, 2017. (ECF No. 14). Therefore, this motion is not timely for
3  failure to comply with rule 60(c)(1)'s one-year deadline for relief.
4  Accordingly,
5  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that 21st's motion (ECF No.
6  14) be, and the same hereby is, DENIED.
7  DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**