James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| INVEST VEGAS, LLC, | Case No. 2:15-CV-644 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| 21ST MORTGAGE CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant 21st Mortgage Corporation's motion for reconsideration. (ECF No. 21). Plaintiff Invest Vegas, LLC, filed a response, (ECF No. 22), and 21st filed a reply,[1] (ECF No. 23).

The parties are familiar with the facts of the case, which the court detailed in its order on defendant's motion for clarification, and the court will not recite them here.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

Defendant argues that this court's order denying defendant's motion for clarification was clear error and will cause manifest injustice. (ECF No. 22). Defendant requests that this court clarify that its order denying plaintiff's motion to remand was not intended to resolve the effect of

---

[1] Plaintiff filed a motion for leave to file a late reply. (ECF No. 24). Good cause appearing, the court will grant the motion.

the underlying foreclosure sale on the parties' competing interests in the subject property. (ECF Nos. 14, 22).

"[Courts] may interpret and explain a judgment to guide the parties without express reliance on any particular statute or rule." *Moreno v. Ross Island Sand & Gravel Co.*, no. 2:13-cv-00691-KJM-KJN, 2016 WL 3549453, at *2 (E.D. Cal. June 30, 2016) (citing *Bordallo v. Reyes*, 763 F.2d 1098, 1101–02 (9th Cir. 1985)).

This court's order on plaintiff's motion to remand denied the motion on the ground that the case presented a substantial federal question. (ECF No. 13). The motion did not ask, and the court did not decide, whether the underlying foreclosure sale extinguished the interest in property held by defendant's predecessor-in-interest. *See id.* The court will grant defendant's motion for reconsideration.[2] *See Bordallo*, 763 F.2d at 1101–02.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 21) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion to file a reply (ECF No. 24) be, and the same hereby is, GRANTED.

DATED March 15, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[2] To reiterate, this order simply clarifies that this court's order denying plaintiff's motion to remand (ECF No. 13) did not decide the legal effect of the foreclosure sale.

**James C. Mahan**
**U.S. District Judge**